IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alex Carlson and Rachel Libengood,<br><br>PLAINTIFFS,<br><br>v.<br><br>Jeremy Latwan Davis and JD's Trucking of NC LLC,<br><br>DEFENDANTS. | C/A No. 2:26-cv-02519-RMG<br><br>**Answer**<br><br>(Jury Trial Demanded) |

**TO:   JONATHAN GRAHAM, ATTORNEY FOR THE PLAINTIFFS:**

The Defendants, Jeremy Latwan Davis and JDS Trucking of NC, LLC (hereinafter "the Defendants"), answering the Plaintiffs' Complaint would allege and show as follows:

1.     The Defendants deny each and every allegation not specifically admitted hereinafter and demand strict proof thereof.

2.     Defendants hereby deny any Request for Admissions served on Defendants pursuant to Rule 36 of the Federal Rules of Civil Procedure which are inconsistent with Defendants' Answer.

**FOR A FIRST DEFENSE**
**(Lack of Service)**

3.     The above paragraphs are re-alleged.

4.     The Defendants are informed and believe that Plaintiffs failed to perfect service on Defendants pursuant to Rule 4 of the F.R.C.P., and therefore service was never perfected on Defendants, and accordingly, this action should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

**FOR A SECOND DEFENSE**

5.      The above paragraphs are re-alleged.

6.      Upon information and belief, the Defendants admit only so much of Paragraph 1 that alleges that Plaintiffs are residents of Florida, but the Defendants deny the remaining allegations of Paragraph 1.  Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiff sustained as asserted in Paragraph 1 and therefore deny same.

7.      The Defendants admit only so much of Paragraph 2 that alleges that Defendant Davis is a resident of North Carolina, but the Defendants deny the remaining allegations of Paragraph 2.  Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraph 2 and therefore deny same.

8.      The Defendants admit only so much of Paragraph 3 that alleges that JD's Trucking was a North Carolina company, but the Defendants deny the remaining allegations of Paragraph 3 and further allege that JD's Trucking of NC, LLC was administratively dissolved.

9.      Paragraphs 4 states a conclusion of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

10.     The Defendants admit only so much of Paragraph 5 that alleges that on October 15, 2025, JD's Trucking was commercial motor vehicle operated Defendant Davis, but the remaining allegations of Paragraph 5 state a conclusion of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

11.     Paragraphs 6 and 7 state conclusions of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

12.    The Defendants admit the allegations in Paragraph 8.

13.    Upon information and belief, the Defendants admit only so much of Paragraph 9 that alleges that Defendant Davis was traveling southbound on I-95, but the Defendants deny the remaining allegations of Paragraph 9.

14.    The Defendants admit only so much of Paragraph 10 that alleges that Plaintiff Carlson was traveling on I-95, but the Defendants deny the remaining allegations of Paragraph 10.

15.    The Defendants admit only so much of Paragraph 11 that alleges that contact occurred between the vehicles driven by Defendant Davis and Plaintiff Carlson, but the Defendants deny the remaining allegations of Paragraph 11.

16.    The Defendants deny the allegations of Paragraph 12.  Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraph 12 and therefore deny same.

17.    Paragraph 13 contains no allegations against the Defendants and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendants deny same.

18.    Paragraph 14 through 16 state conclusions of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

19.    The Defendants deny the allegations of Paragraphs 17 and 18, including all subparts.  Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraphs 17 and 18, including all subparts, and therefore deny same.

20.    The Defendants deny the allegations of Paragraph 19.

21. Paragraph 20 contains no allegations against the Defendants and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendants deny same.

22. Paragraph 21, including all subparts, states a conclusion of law and, accordingly, an answer is not required. To the extent an allegation of fact is made, the Defendants deny it.

23. The Defendants deny the allegations of Paragraph 22, including all subparts. Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraph 22, including all subparts, and therefore deny same.

24. The Defendants deny the allegations of Paragraph 23.

25. The Defendants deny the allegations of Paragraphs 24 through 26, including all subparts. Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraphs 24 through 26, including all subparts, and therefore deny same.

26. Paragraph 27 contains no allegations against the Defendants and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendants deny same.

27. The Defendants deny the allegations of Paragraph 28.

28. Paragraph 29 states a conclusion of law and, accordingly, an answer is not required. To the extent an allegation of fact is made, the Defendants deny it.

29. The Defendants deny the allegations of Paragraph 30. Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraph 30 and therefore deny same.

30.     Paragraph 31 contains no allegations against the Defendants and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendants deny same.

31.     The Defendants deny the allegations of Paragraph 32, including all subparts.

32.     Paragraphs 33 through 35 state conclusions of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

33.     The Defendants deny the allegations of Paragraph 36.  Further answering, the Defendants lack information and knowledge sufficient to form a belief as to the injuries and damages, if any, that the Plaintiffs sustained as asserted in Paragraph 36 and therefore deny same.

34.     Paragraph 37 contains no allegations against the Defendants and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendants deny same.

35.     The Defendants deny the allegations of Paragraph 38.

36.     Paragraph 39 states a conclusion of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

37.     Paragraph 40 contains no allegations against the Defendants and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendants deny same.

38.     The Defendants deny the allegations of Paragraphs 41 and 42.

39.     Paragraph 43 states a conclusion of law and, accordingly, an answer is not required.  To the extent an allegation of fact is made, the Defendants deny it.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

40.     The above paragraphs are re-alleged.

41.     Plaintiff Carlson was negligent in one or more of the following manners:

    a.      in failing to keep proper lookout;

b.    in failing to avoid the collision despite having the last clear chance to do so;

c.    in operating the vehicle at a rate of speed which was excessive for the circumstances then prevailing;

d.    in failing to maintain his lane of travel;

e.    in failing to maintain proper control over the aforesaid vehicle;

f.    in failing properly to equip said vehicle with adequate and safe brakes; and, if so properly equipped, in failing properly to utilize them;

g.    in failing properly to equip said vehicle with adequate and safe steering mechanisms; and, if so properly equipped, in failing properly to utilize same;

h.    in failing properly to equip said vehicle with adequate signaling device or horn; and, if so properly equipped, in failing properly to utilize same;

i.    in failing properly to equip said vehicle with adequate and safe headlights; and, if so properly equipped, in failing properly to utilize same;

j.    in failing to take any evasive action, by any means, to keep from striking the Defendant;

k.    in failing properly to observe the road and traffic conditions;

l.    in failing to yield to vehicles with the right of way;

m.    in failing to exercise that degree of care a reasonable prudent person would have exercised under the same or similar circumstances; and

n.    such other particulars as the evidence in discovery and trial may show.

42.    The Defendants are informed and believe that the acts and omissions set forth above combined with and contributed to the Plaintiff's own injuries; the Defendants are further informed and believe that the liability of the Defendants, if any, should be reduced in proportion to the Plaintiff's own negligence, and if Plaintiff's negligence exceeded that of Defendants, he be barred from any recovery.

## FOR A FOURTH DEFENSE
### (Sole Negligence of Another)

43. The above paragraphs are re-alleged.

44. The direct and proximate cause of the Plaintiffs' injuries, if any, was due to the negligence, gross negligence, wanton and reckless conduct of Alex Carlson and he was the sole cause of this accident and, accordingly, the Defendants are not liable for any damages or injuries sustained by the Plaintiff.

## FOR A FIFTH DEFENSE
### (Last Clear Chance)

45. The above paragraphs are re-alleged.

46. At the time and place of the accident from which this suit arises, the Plaintiff had the last clear chance to avoid said accident, therefore, is totally barred from recovery from Defendants.

## FOR A SIXTH DEFENSE
### (Motion to Strike Pre-Judgment Interest)

47. The above paragraphs are re-alleged.

48. The Defendants move pursuant to Rule 12(f) SCRCP to strike Plaintiffs' request for pre-judgment interest in Paragraphs 30, 36, and 44, and Plaintiffs' prayer for pre-judgment interest on the grounds that it is improperly brought.

## FOR A SEVENTH DEFENSE
### (Motion to Dismiss the Second Cause of Action)

49. The above paragraphs are re-alleged.

50. The Defendants hereby move to dismiss the Second Cause of Action from Plaintiffs' Complaint on the grounds that it is redundant to the First Cause of Action as they are both negligence causes of action.

## FOR AN EIGHT DEFENSE
### (Failure to Mitigate)

51.    The above paragraphs are re-alleged.

52.    The Plaintiffs' claims fail in whole or in part because the injuries and/or damages alleged by the Plaintiffs, which injuries and/or damages are specifically denied, were a direct and proximate result of the Plaintiffs' failure to properly mitigate their injuries and/or damages.

WHEREFORE, the Defendants, having fully answered the Plaintiffs' Complaint, pray that this action be dismissed with costs to the Plaintiff.

GRIFFITH, FREEMAN & LIIPFERT, LLC

By:    s/    *E. Mitchell Griffith*

E. Mitchell Griffith (Fed. ID #2469)
600 Monson Street
PO Drawer 570
Beaufort, SC 29901
843-521-4242
mgriffith@griffithfreeman.com

ATTORNEYS FOR DEFENDANTS

June 26, 2026