IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO.: 2:26-cv-02519-BHH

| | | |
|---|---|---|
| Alex Carlson and Rachel Libengood,<br>Plaintiffs, | ) ) ) ) | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF REMAND** |
| vs. | ) ) ) | |
| Jeremy Latwan Davis and JD's<br>Trucking of NC LLC,<br>Defendants. | ) ) ) ) ) | |

## INTRODUCTION

Plaintiffs Alex Carlson and Rachel Libengood (collectively, "Plaintiffs") move

this Court for an order remanding this matter to State Court. Defendants have

failed to show that this matter falls within this Court's limited jurisdiction.

Although diversity exists between the parties, Defendants' Notice of Removal does

not include the requisite plausible allegation that the amount in controversy in this

case exceeds $75,000. Because Defendants have not met their burden, remand is

appropriate.

## PROCEDURAL HISTORY

This is a personal injury action. On October 15, 2025, Defendant Jeremy

Latwan Davis crashed a commercial motor vehicle into Plaintiffs vehicle. (See ECF

# 1-1, Complaint, at ¶¶ 8–12). At the time of the crash, Davis was acting as an

1

agent on behalf of Defendant JD's Trucking of NC, LLC. ("JD") (See Complaint at ¶ 5).

On May 15, 2026, Plaintiffs filed this action in the Colleton County Court of Common Pleas. (See generally Complaint). As to Davis, Plaintiffs alleged negligence and negligence per se. (See Complaint at ¶¶ 13–26). Plaintiffs alleged Davis violated statutory duties to operate his vehicle in a reasonable and prudent way without colliding with other vehicles and to maintain his lane of travel until it was safe to change lanes. (Complaint at ¶ 14). As to Davis and JD, Plaintiffs alleged both vicarious liability and various theories of direct negligence. (See Complaint at ¶¶ 27–43).

On June 26, 2026, Defendants removed this action to this Court. (See generally ECF # 1, Notice of Removal). In their Notice of Removal, Defendants allege only one theory for this Court's jurisdiction. Defendants allege original jurisdiction based on 28 U.S.C. section 1332.[1] (Notice of Removal at ¶ 3). Defendants offer the conclusion that "[t]he Plaintiffs seek unspecified actual and punitive damages; the Plaintiffs did not place a limit on the damages sought; and therefore the amount in controversy exceeds the sum of $75,000." (Notice of Removal at ¶ 3). Defendants provide no other evidence or argument regarding the amount in controversy before this court.

---

[1] Defendants also offer statutory authority for removal jurisdiction pursuant to 28 U.S.C. section 1441(b), which fundamentally offers no other theory to supplement section 1332 original jurisdiction. (Notice of Removal at ¶ 3).

## LEGAL STANDARD

As the party seeking removal, Defendants bear a "heavy burden" to show this Court has original jurisdiction over this action. *See Burgess v. J.H.O.C. Premier Transp., Inc.*, No. CA 4:12-657-TLWKDW, 2012 WL 4762126 at *1 (D.S.C. Sept. 24, 2012), *report and recommendation adopted in relevant part, rejected in part*, No. CIV.A. 4:12-657-TLW, 2012 WL 472140 (D.S.C. Oct. 5, 2012); *see also* 28 U.S.C. § 1441(a) (permitting removal only where "the district courts of the United States have original jurisdiction"). Due to "significant federalism concerns," this Court must strictly construe removal jurisdiction and remand any case where "federal jurisdiction is doubtful[.]" *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). *See also Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should resolve all doubts about the propriety of removal in favor of state retained jurisdiction." (cleaned up)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (noting courts must "scrupulously confine" their jurisdiction to the removal statute's "precise limits").

## ARGUMENT

Defendants have not met the "heavy burden" they bear to establish this Court's jurisdiction. *Cf. Burgess*, 2012 WL 4762126, at *1. While diversity exists between the parties, Defendants have not made any plausible allegation that the amount in controversy exceeds $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding a defendant's notice of removal must

3

include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Plaintiffs thus request remand.

Diversity jurisdiction exists where the parties are "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1). Where, as here, a plaintiff's complaint does not state a particular dollar value for their damages, a removing defendant "must provide evidence to 'show what the stakes of litigation are given the plaintiff's actual demands.'" *Scott v. Cricket Comm'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (cleaned up).

The notice of removal may satisfy this evidentiary requirement by including a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference." *Ford v. Washam*, No. CV 5:23-04719-MGL, 2024 WL 340788, at *5 (D.S.C. Jan. 30, 2024) (quoting *Bell v. Qwest Communications Intern. Inc.*, Civil Action No. 8:11–00037–HFF, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011)). Once a party contests the removing defendant's allegations regarding the amount in controversy, however, the removing defendant must then prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. *See Inabinet v. Thomas*, No. CV 5:1-00614-MGL, 2018 WL 5016623, at *2 (D.S.C. Oct. 16, 2018) ("The relevant inquiry,

4

then, is whether the actual amount in controversy more likely than not exceeded $75,000.00 at the time of removal.").

Here, Defendants' Notice of Removal contains an unsubstantiated and bare assertion regarding the amount in controversy. Defendants simply state that because Plaintiffs seek unspecified damages and have placed no limit, the amount in controversy exceeds $75,000. (Notice of Removal at ¶ 3). Defendants did not "provide evidence" sufficient for this Court to determine that "the stakes of litigation" exceed $75,000.00. *Cf. Scott*, 865 F.3d at 194. That Plaintiffs' Complaint does not propose a cap on their damages does not establish the jurisdictional amount any more than Plaintiffs' refusal to stipulate to maximum damages would establish jurisdiction. *Cf. Ford*, 2024 WL 340788, at *5. Nor can Defendants show the stakes where, as here, the parties have exchanged no discovery, have not itemized Plaintiffs' damages, and Plaintiffs have not even sent a demand to suggest the amount in controversy. At the time of removal, Defendants did not have (and thus could not provide this Court) evidence of the amount in controversy in this case. *Cf. Inabinet*, 2018 WL 5016623, at *2 ("The relevant inquiry … is whether the actual amount in controversy more likely than not exceeded $75,000.00 at the time of removal."). Because Defendants neither met nor could meet their "heavy burden", *cf. Burgess*, 2012 WL 4762126, at *1, Plaintiffs request remand.

## CONCLUSION

The Defendants' deficient Notice of Removal fails to allege plausibly or provide any actual evidence that the amount in controversy in this case exceeds

$75,000.00. Thus, diversity jurisdiction does not exist. Plaintiffs respectfully ask

this Court to order this case be remanded.

<table>
<tr><td></td><td>**MORGAN & MORGAN, P.A.**</td></tr>
<tr><td></td><td>By:     /s/Jonathan Graham</td></tr>
<tr><td></td><td>Jonathan D. Graham</td></tr>
<tr><td></td><td>State Bar No. 105763</td></tr>
<tr><td></td><td>Federal Bar No. 13969</td></tr>
<tr><td></td><td>E-Mail: jgraham@forthepeople.com</td></tr>
<tr><td></td><td>4401 Belle Oaks Drive, Suite 300,</td></tr>
<tr><td>Charleston, SC</td><td>North Charleston, SC 29405</td></tr>
<tr><td></td><td>(843) 947-6063</td></tr>
<tr><td>July 27, 2026.</td><td>*Counsel for Plaintiff*</td></tr>
</table>