IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alex Carlson and Rachel Libengood, <br><br> PLAINTIFFS, <br><br> v. <br><br> Jeremy Latwan Davis and JD's Trucking of NC LLC, <br><br> DEFENDANTS | C/A No. 2:26-cv-02519-BHH <br><br><br><br> **Defendant's Memorandum in Opposition to Plaintiffs' Motion to Remand** |

Defendants Jeremy Latwan Davis and JD's Trucking of NC LLC, (collectively "Defendants") hereby submit their Memorandum in Opposition to the Plaintiff's Motion to Remand, and would respectfully show unto this Court as follows:

**PROCEDURAL BACKGROUND**

This action concerns a motor vehicle accident that occurred on October 15, 2025, between the Plaintiff and Defendant Jeremy Davis. ECF No. 1-1, at ¶¶ 8-11. At the time of the accident, Defendant Davis operated a commercial vehicle owned by Defendant JD's Trucking. *Id.* at ¶¶ 4-5. This action was filed in the Colleton County Court of Common Pleas on May 15, 2026. *See generally* ECF No. 1-1. For jurisdictional purposes, the Complaint provides that the Plaintiff's (collectively "Plaintiffs") are citizens and residents of the State of Florida. *Id.* at ¶ 1. As for Defendant Jeremy Davis, he is a resident and citizen of North Carolina, and Defendant JD's Trucking is incorporated and has its principal place of business in North Carolina. *Id.* at ¶¶ 2-3.

The Causes of Action brought against the Defendants are: negligence *per se*, negligence, vicarious liability, negligent hiring, training, supervision, and retention as to Defendant JD's Trucking, and negligent selection of an Independent Contractor as to Defendant JD's Trucking.

- 1 -

*See generally* ECF No. 1-1. The Defendants filed their Notice of Removal on June 26, 2026, in which they sought removal of this action from the Colleton County Court of Common Pleas to this Court. ECF No. 1. The Plaintiffs filed their Motion to Remand on July 27, 2026. ECF No. 10.

## LEGAL STANDARD

United States District Courts have original jurisdiction of civil actions where the amount in controversy of the civil action exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). A defendant's notice of removal of an action must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b). A party seeking removal bears the burden of establishing federal jurisdiction. *Ford v. Washam*, No. 5:23-04719-MGL, 2024 U.S. Dist. LEXIS 16072, at *3 (D.S.C. Jan. 30, 2024). Where a plaintiff challenges a defendant's assertion as to the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495, 503 (2014).

## ARGUMENT

I.    **Based on the Plaintiff's Complaint, the damages they allege to have suffered support the conclusion that the amount in controversy exceeds $75,000.**

Generally, courts determine the amount in controversy "by examining the complaint at the time of commencement of the state court action and at the time of removal." *Drake v.*

*Walmart, Inc.*, No. 9:21-4058-RMG, 2022 U.S. Dist. LEXIS 30693, at *5 (D.S.C. Feb. 16, 2022); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, 2016 U.S. Dist. LEXIS 52620, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 84 (2014). Even though the removing party bears the burden of showing removal is proper, such burden "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 U.S. Dist. LEXIS 11634, at *6 (Feb. 4, 2011) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

The determination of the amount in controversy takes into consideration "the judgment that would be entered if [the plaintiff] prevailed on the merits of the case as it stands at the time of removal." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 U.S. Dist. LEXIS 11634, at *4 (Feb. 4, 2011); *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938). Such determination does not inquire into what the plaintiff will actually recover; instead, it concerns "an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Crickett Communs., LLC*, 865 F.3d 189, 196 (4th Cir. 2017); *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Punitive damages should be considered when determining the amount in controversy "unless it is legally certain the plaintiff cannot recover punitive damages." *Chaplin v. Progressive N. Ins. Co.*, No. 9:10-388-MBS, 2010 U.S. Dist. LEXIS 155606, at *3 (D.S.C. July 14, 2010) (citing *Wiggins v. N. Amer. Equitable Life Assur. Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981).

In *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 U.S. Dist. LEXIS 11634 (Feb. 4, 2011), the plaintiff's complaint presented causes of action for negligence and

premises liability due to injuries she allegedly sustained after she slipped and fell inside a Wal-Mart store. *Mattison*, 2011 U.S. Dist. LEXIS 11634, at *1. Her complaint alleged she suffered the following damages:

> "(a) [p]ast and present medical expenses, (b) [p]ast and present physical pain and suffering, (c) [f]uture physical pain and suffering as it is reasonably certain will of necessity result, (d) [p]ast and present emotional pain and suffering, (e) [f]uture emotions and mental pain and suffering as it is reasonably certain will of necessity result, (f) [h]umiliation, (g) [e]mbarrassment, and (h) [l]oss of enjoyment of life."

*Id.* at *9.

Furthermore, the plaintiff's complaint sought actual and consequential damages "in an undetermined amount …" and her prayer for relief requested "actual damages, treble damages, punitive damages, and attorneys' fees." *Id.* The plaintiff's motion to remand was denied because the Court found that the defendant met the amount in controversy requirement. at *Id.* at *8-9. The Court concluded that, based on the complaint and the plaintiff's prayer for relief, "there [wa]s a reasonable probability that [the plaintiff] could recover in excess of $75,000.00 if she were to prevail on all of her claims and requested damages …." *Id.* at *9. This same legal analysis and conclusion is applicable here based on the allegations raised in the Plaintiff's Complaint and the damages the Plaintiffs seek therein.

Within their Motion to Remand, the Plaintiff's claim the Defendants do not have evidence to suggest what the amount in controversy of this case is. ECF No. 10-1, at *5. Even though the Plaintiffs have not sent the Defendants a demand letter outlining their damages and what they seek to resolve this action, they are not required to do so. Discovery has not been exchanged between the parties due to the time constraint of having to file a Notice of Removal within thirty (30) days of receipt of the Plaintiff's Complaint in accordance with 28 U.S.C. §1446(b). Thus, the only document of record is the Plaintiff's Complaint. Even though the

Complaint does not speculate a damages amount, its allegations and damages sought support the conclusion that the amount in controversy exceeds $75,000.

There are two Plaintiffs involved in this action. ECF No. 1-1, at ¶ 1. According to the Complaint, both Plaintiffs were injured in a motor vehicle collision on Interstate 95 in Colleton County, South Carolina. *Id.* at ¶¶ 8-11. The Prayer for Relief in their Complaint provides that both Plaintiffs are to be paid "compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines they are entitled to, and such other relief as this Court determines is just" *Id.* at *10. The desire for compensatory, consequential, and punitive damages is presented throughout the Complaint. *See generally* ECF No. 1-1.

Further, the Plaintiffs claim their damages include, but are not limited to, past and future medical expenses, personal property damage, emotional distress and anxiety, physical pain and suffering, mental anguish, loss of enjoyment of life, to the detriment of the Plaintiff's physical health and mental wellbeing, and other damages shown through discovery and at the trial of this case. *Id.* at ¶¶ 17a-g & 24a-g. These same alleged damages are applied to both Plaintiffs, and both the damages and prayer for relief and are remarkably similar to those stated above from *Mattison v. Wal-Mart Stores, Inc.* The Plaintiff's desire for punitive damages, specifically against Defendant Jeremy Davis, is described more thoroughly in that he should "pay punitive damages in the amount the jury determines appropriate to **punish** Defendant [Jeremy Davis] for his reckless conduct, to **discourage** such reckless conduct in others, **and to vindicate** Plaintiff's private rights which Defendant [Jeremy Davis] violated." *Id.* at ¶ 19 (emphasis added). Such verbiage in and of itself amplifies the Plaintiff's position that they believe this action poses a real and serious damages amount. A damage amount that is in excess of $75,000. Surely the Plaintiffs

- 5 -

do not expect this case to concern less than $75,000 when they are seeking to "punish" and "discourage such reckless conduct in others" and "to vindicate" themselves.

The only other evidence of use is an email between Francisca Bricklin for the liability insurance carrier, Canal Insurance Company, and Georgia Jackson for the office of Counsel for the Plaintiffs. Exh. A, Email dated Jan. 27, 2026. According to this email, the Case Manager for Plaintiffs' Counsel briefly described the injuries of both Plaintiffs. For Plaintiff Rachel, her injuries included "back, neck, head injury (being evaluated for TBI), [and] post[-]concussion syndrome." *Id.* Her treatment included "conservative care, orthopedic evaluation balance therapy, [and] neurology." *Id.* She had also already had an MRI of her back and head completed. *Id.* For Plaintiff Alex, his injuries include "neck, back pain, whiplash, headaches, [and] re[-]agitated TBI." *Id.* His treatment includes "conservative care, orthopedic evaluation, [and] neurology." *Id.* His MRIs were of his back, neck, and head. *Id.* Taking into account the seriousness of their injuries, their multiple MRIs, and the extensiveness of their treatment, along with the damages outlined in their Complaint, there is ample evidence at this stage in litigation that shows the amount in controversy of this action exceeds $75,000.

In the alternative, if this Court decides that removal is pre-mature at this stage, the Defendants request that their right to removal at a later date be preserved, as was done in *Inabinet v. Thomas*, No. 5:18-00614-MGL, 2018 U.S. Dist. LEXIS 176438 (D.S.C. Oct. 15, 2018). In *Inabinet*, even though the plaintiff's motion to remand was granted, the Court noted that the defendant was allowed to "seek to remove th[e] case in the future pursuant to 28 U.S.C. § 1446(b) if she [wa]s served with 'a copy of an amended pleading, motion, order or other paper' from which it may be determined the case ha[d] since become removable. *Inabinet v. Thomas*, 2018 U.S. Dist. LEXIS 176438, at *6. It is understood that, pursuant to 28 U.S.C. § 1446(c),

- 7 -

removal is prohibited after one year of this action's commencement. *See Inabinet v. Thomas*, 2018 U.S. Dist. LEXIS 176438, at \*6 (the Court reminded the defendant that even though she was permitted to seek removal at a later date, 28 U.S.C. § 1446(c) prohibited her from doing so after one year from the commencement of the action had passed.).

**CONCLUSION**

For the reasons provided herein, denial of the Plaintiff's Motion to Remand this case to state court is appropriate. In the alternative, if this Court deems removal is not yet ripe, the Defendants request that their right to removal at a later date be preserved within this Court's Order.

GRIFFITH, FREEMAN & LIIPFERT, LLC

s/    *E. Mitchell Griffith*

E. Mitchell Griffith (Fed. ID #2469)
600 Monson Street
PO Drawer 570
Beaufort, SC 29901
843-521-4242
843-521-4247 (fax)
mgriffith@griffithfreeman.com

ATTORNEYS FOR DEFENDANTS

August 10, 2026
Beaufort, South Carolina